UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

24, 28, 29, 30, and 33 (03/18)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Hansab, Continental, SNAP, and City Defendants' motions to dismiss; GRANTING IN PART and DENYING AS MOOT IN PART CNA Financial's motion to dismiss; DENYING AS MOOT Hansab and Continental's motions to strike; and DENYING AS MOOT Hansab's motion for a more definite statement.

Before the Court are five motions to dismiss, two motions to strike, and a motion for a more definite statement. Defendant Hansab Insurance Services, Inc. ("Hansab") filed a motion to dismiss, to strike, and for a more definite statement. *See generally* Dkt. # 24 ("*Hansab Mots.*"). Plaintiff Benjamin Schonbrun ("Plaintiff") opposed. *See generally* Dkt. # 50 ("*Hansab Opp.*"). Hansab replied. *See generally* Dkt. # 55 ("*Hansab Reply*"). Defendant CNA Financial Corporation ("CNA Financial") filed a motion to dismiss, *see generally* Dkt. # 28 ("*CNA MTD*"), and Continental Casualty Company ("Continental") filed a motion to dismiss and to strike, *see generally* Dkt. # 29 ("*Continental Mots.*"). Plaintiff opposed both motions in a single brief. *See generally* Dkt. # 49 ("*C&C Opp.*"). CNA Financial and Continental filed a joint reply. *See generally* Dkt. # 56 ("*C&C Reply*"). Defendant SNAP, Inc. ("SNAP") also filed a motion to dismiss. *See generally* Dkt. # 30 ("*SNAP MTD*"). Plaintiff opposed. *See generally* Dkt. # 52. ("*SNAP Opp.*"). SNAP replied. *See generally* Dkt. # 57 ("*SNAP Reply*"). Finally, Defendants City of Los Angeles, Eric Michael Garcetti, and Michael Joseph Bonin (collectively, "City Defendants") filed a motion to dismiss. *See generally* Dkt # 33 ("*City MTD*"). Plaintiff opposed. *See generally* Dkt. # 51 ("*City Opp.*"). City Defendants replied. *See generally* Dkt. # 58 ("*City Reply*").

The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court (1) **GRANTS** Hansab's motion to dismiss and **DENIES AS MOOT** Hansab's motions to strike and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

for a more definite statement; (2) **GRANTS IN PART** and **DENIES AS MOOT IN PART** CNA Financial's motion to dismiss; (3) **GRANTS** Continental's motion to dismiss and **DENIES AS MOOT** Continental's motion to strike; (4) **GRANTS** SNAP's motion to dismiss; and (5) **GRANTS** City Defendants' motion to dismiss.

I.   Background

This case arises from an insurance dispute following a building fire in Venice, California. *See First Amended Complaint*, Dkt # 17 ("*FAC*"), ¶¶ 6, 16. Prior to the fire, Plaintiff says he repeatedly notified City Defendants that there was a homeless encampment near the building, but City Defendants allegedly "refused and failed to take any action." *Id.* ¶¶ 27, 30. In January 2021, a fire broke out in the homeless encampment, spread to the building, and burned it to the ground. *Id.* ¶ 17. The building was "a total loss." *Id.*

Attached to Plaintiff's first amended complaint is a five-year lease between SNAP and three LLCs.[1] *See Lease Agreement*, Dkt. # 17-1, Ex. 1 ("*Lease*"), ¶ 1.1. The lease agreement provides that the lessor—allegedly Plaintiff—"is the 'Insuring Party' unless otherwise stated herein." *Id.* ¶ 1.8. Paragraph 8 of the lease required SNAP to "obtain and keep in force a Commercial General Liability Policy" protecting both SNAP and Plaintiff "against claims for bodily injury, personal injury and property damage." *Id.* ¶ 8.2(a). Separately, Paragraph 8 describes the "Property Insurance" obligations as follows:

> The Insuring Party shall obtain and keep in force a policy or policies in the name of [Plaintiff], with loss payable to [Plaintiff]. . . . The amount of such insurance shall be equal to the full insurable replacement cost of the Premises, as the same shall exist from time to time, or the amount required by any Lender, but in no event more than the commercially reasonable and available insurable value thereof.

*Id.* ¶ 8.3(a).

Plaintiff allegedly obtained a property insurance policy from CNA Financial and Continental. *FAC* ¶¶ 18–19. The insurance policy, attached as an exhibit to the first amended

---

[1] Plaintiff alleges that he "owns all of the right, title and interest" in the property and that he is the "assignee of the lease . . . and the contract of insurance." *FAC* ¶ 3 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

complaint, clarifies that the insurance policy was obtained through Hansab, an insurance broker, and that Continental was the coverage provider. *See* Dkt. # 17-1, Ex. 2 ("*Property Insurance Policy*"). There is no mention of CNA Financial in the insurance policy, but Plaintiff insists that it was one of his insurers. *See FAC* ¶¶ 18–19.

Several months before the fire, Plaintiff alleges that he tried to increase the property insurance policy limit to $5 million. *Id.* ¶ 22. CNA Financial allegedly valued the building at only $1.85 million but agreed to increase the policy limit to $2 million. *Id.* ¶ 23. After the building burned down seven months later, Plaintiff was informed that the actual cost to rebuild would be $2.5 million or more. *Id.* ¶¶ 23–25. As such, Plaintiff maintains that he has not been paid "the full value of [his] claims" but that he has received an unspecified amount of claims payments at his New York City residence. *Id.* ¶¶ 36, 54.

Plaintiff sued Hansab, Continental, CNA Financial, SNAP, and City Defendants in September 2021. *See generally* Dkt. # 1. Continental, CNA Financial, and SNAP promptly moved to dismiss Plaintiff's complaint, and Continental moved to strike the class allegations. *See generally* Dkt. # 10 ("*First CNA MTD*"), Dkt. # 12 ("*First Continental Mots.*"), Dkt. # 15 ("*First SNAP MTD*"). Plaintiff failed to oppose, so the Court granted each motion but also granted Plaintiff leave to amend. *See generally* Dkt. # 16.

Plaintiff then filed his first amended complaint, pressing 11[2] causes of action:

First Cause of Action (against SNAP, Hansab, Continental, and CNA Financial): Breach of Written Agreement. *FAC* ¶ 63.

Second Cause of Action (against SNAP, Hansab, Continental, and CNA Financial): Fraud. *Id.* ¶ 64.

Fourth Cause of Action (against SNAP, Hansab, Continental, and CNA Financial): Insurance Bad Faith. *Id.* ¶¶ 100–01.

Fifth Cause of Action (against SNAP and City Defendants): Nuisance. *Id.* ¶¶ 200–04.

---

[2] Plaintiff's first amended complaint actually lists 12 causes of action, but the third cause of action has been omitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

    <u>Sixth Cause of Action (against City Defendants)</u>: Violation of California Environmental Quality Act ("CEQA"), Cal. Pub. Res. Code § 21001(d). *FAC* ¶¶ 205–08.

    <u>Seventh Cause of Action (against SNAP, Hansab, Continental, and CNA Financial)</u>: Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. *FAC* ¶¶ 241–68.

    <u>Eighth Cause of Action (against SNAP, Hansab, Continental, and CNA Financial)</u>: Insurance Bad Faith, Conspiracy. *Id.* ¶¶ 269–70.

    <u>Ninth Cause of Action (against SNAP, Hansab, Continental, and CNA Financial)</u>: Fraud by Concealment. *Id.* ¶ 271.

    <u>Tenth Cause of Action (against SNAP, Hansab, Continental, and CNA Financial)</u>: Constructive Fraud. *Id.* ¶¶ 272–75.

    <u>Eleventh Cause of Action (against all Defendants)</u>: Aiding and Abetting Others' Acts. *Id.* ¶ 276.

    <u>Twelfth Cause of Action (against all Defendants)</u>: Conspiracy. *Id.* ¶ 277.

Plaintiff also seeks to represent a putative class against CNA Financial and Continental. *Id.* ¶¶ 300–09.

    Hansab,[3] CNA Financial, Continental, SNAP, and City Defendants all move to dismiss Plaintiff's first amended complaint for failure to state a claim. *See generally Hansab Mots.*; *CNA MTD*; *Continental Mots.*; *SNAP MTD*; *City MTD*. CNA Financial moves in the alternative to dismiss for lack of personal jurisdiction. *See generally CNA MTD*. Hansab moves to strike the class allegations and Plaintiff's prayer for punitive damages, and it additionally moves for a

---

[3] Because Hansab did not include a table of contents or a proposed order alongside its motions, Plaintiff asks the Court to (1) strike Hansab's motions and (2) award Plaintiff $1,000 in monetary sanctions. *Hansab Opp.* 2:5–25. The Court **DENIES** Plaintiff's requested sanctions because Hansab's failure to include a table of contents and a proposed order, though careless, was not "willful, grossly negligent, or reckless," nor does it "rise[] to the level of bad faith." *See* L.R. 83-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

more definite statement under Federal Rule of Civil Procedure 12(e). *See generally Hansab Mots.* Continental also moves to strike the class allegations. *See generally Continental Mots.*

II.  Legal Standards

   A.  Motion to Dismiss: Lack of Standing

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The "irreducible constitutional minimum" of Article III standing has three elements: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See id.* at 561. Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

   B.  Motion to Dismiss: Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with particularity, the pleader must state the time, place, and specific content of the false representations. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, a plaintiff must identify each defendant's role in the alleged scheme. *See id.* at 765.

III. Discussion

    A.    Federal Rule of Civil Procedure 12(b)(1): Standing

Hansab, CNA Financial, Continental, and SNAP all move to dismiss because Plaintiff lacks standing to sue under the lease agreement, the insurance policy, or both. *Hansab Mots.* 5:13–28; *CNA MTD* 9:17–10:10; *Continental Mots.* 11:10–12:13; *SNAP MTD* 29:11–30:4.

Plaintiffs lack standing to bring claims under a contract to which they are not a party absent a valid assignment or proof that they are a third-party beneficiary. *See Moore v. Way FM Media Grp. Inc.*, No. CV 11-10425 MMM (JCGx), 2012 WL 13012658, at *4 (C.D. Cal. Mar. 29, 2012); *see also Warth v. Seldin*, 422 U.S. 490, 499–500 (1975) (A plaintiff "cannot rest his claim to relief on the legal rights or interest of third parties").

Here, CNA Financial, Continental, and SNAP renew substantially the same standing arguments they made in their initial motions to dismiss. *See First CNA MTD* 8:15–9:15; *First Continental MTD* 10:1–11:2; *First SNAP MTD* 25:8–26:2. The Court granted those motions but afforded Plaintiff leave to amend. *See generally* Dkt. # 16. After amending his complaint, Plaintiff now alleges that he is the "assignee of the lease . . . and the contract of insurance." *FAC* ¶ 3 n.1. But he then states in his briefing that, "[i]f this is not so, then [Plaintiff] would make an assignment to himself and submit a SAC to set forth that allegation."[1] *Hansab Opp.*

---

[1] Plaintiff claims that he can do this because he is allegedly the sole member of the LLC named in the insurance policy. *See FAC* ¶ 55. Plaintiff does not allege that he is a member of any of the LLCs listed in the lease agreement with SNAP, though he indicates as much separate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

3:3–7. Plaintiff's statement that he "would make an assignment to himself" reads very much like an admission that he has not yet been assigned the rights and obligations of the lease agreement or insurance policy. This is further supported by the fact that he argues that "[t]he only actual or legal function an LLC has is to shield its owners form personal liability." *Id.* 3:4 n.1. But Plaintiff is not free to disregard corporate formalities when it suits him. Absent any non-conclusory allegations describing how and when the assignments were made, Plaintiff has not plausibly alleged that he is a party to the lease agreement or insurance policy.

Accordingly, Plaintiff once again has failed to allege that he has standing to bring his claims arising out of the lease agreement and insurance policy.

B. <u>Federal Rule of Civil Procedure 12(b)(6): Failure to State a Claim</u>

Even assuming Plaintiff has standing to bring his claims, Defendants also argue that each of Plaintiff's 11 causes of action should be dismissed for failure to state a claim. *See generally Hasnab Mots.*; *Continental Mots.*; *CNA MTD*; *SNAP MTD*; *City MTD*. The Court discusses Plaintiff's various causes of action in turn.

*i. First Cause of Action: Breach of Written Agreement*

Plaintiff's first cause of action is for breach of a written agreement against SNAP, Hansab, Continental, and CNA Financial. *See FAC* ¶ 63.

To state a claim for breach of a written agreement, a Plaintiff must allege the following elements: (1) existence of a written agreement between the parties; (2) "plaintiff's performance or excuse for non-performance"; (3) breach by the defendant; and (4) damages to the plaintiff. *See San Mateo Union High Sch. Dist. v. Cnty. of San Mateo*, 213 Cal. App. 4th 418, 439–40 (2013).

Here, each Defendant that moved to dismiss Plaintiff's original complaint renews substantially the same arguments regarding the alleged breach of the lease agreement and insurance policy. *See First CNA MTD* 8:8–9:17; *First Continental MTD* 10:1–12:10; *First SNAP MTD* 25:8–26:2. Despite being granted leave to amend to address these identified deficiencies, Plaintiff again fails to allege a breach of a written agreement in his first amended complaint.

---

declaration filed alongside one of his oppositions. *See generally* Dkt. # 49-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

    As to SNAP, Plaintiff fails to adequately plead multiple elements of his claim. First, as discussed above, Plaintiff has not plausibly pleaded that he was an assignee under the lease and, therefore, has failed to allege that a written agreement even existed between Plaintiff and SNAP. Second, Plaintiff has failed to plead a breach of the property insurance provisions. Plaintiff alleges that SNAP is at fault for underinsuring the building because the lease provides that SNAP was required to obtain liability insurance, but it failed to do so. *See FAC* ¶¶ 12–14, 19. However, the lease agreement makes clear that the lessor—allegedly Plaintiff—was responsible for obtaining property insurance, not SNAP. *See Lease* ¶¶ 1.8, 8.3(a). The lease also clearly distinguishes between liability insurance and property insurance, explaining that liability insurance protects the Plaintiff and SNAP against claims by third parties, while property insurance would cover "loss or damage to the Premises." *See id.* ¶¶ 8.2(a), 8.3(a). Accordingly, there was no breach because it was not SNAP's obligation to provide property insurance, and the liability insurance SNAP was required to carry would not cover the loss of the building as Plaintiff claims. Third, Plaintiff also alleges that SNAP breached the lease by failing (1) to keep the building exterior free from graffiti, (2) to post no trespassing signs, and (3) to remove a homeless encampment from the public sidewalks adjacent to the building. *FAC* ¶¶ 10–11, 17, 28–29, 55–61. Plaintiff points to no damages flowing from these breaches specifically and instead claims that these breaches cumulatively led to the building fire. *See SNAP Opp.* 15:16–18 ("SNAP contractually was obligated to maintain and to secure the property, from acts of third parties that might damage the building. SNAP did not do so and there was the resulting fire."). But the lease plainly states that Plaintiff waived his right to sue SNAP for damages stemming from the fire since it was already covered by Plaintiff's property insurance. *See Lease* ¶ 8.6.

    As to Hansab, CNA Financial, and Continental, even if the Court overlooks the glaring assignment problem discussed above, Plaintiff's claims still fail because he has not pleaded a cognizable theory of breach. Plaintiff seems to allege that these Defendants breached the insurance policy because they failed to pay him for the actual cost to rebuild. *See FAC* ¶¶ 19, 23–26. But the policy unambiguously provides that the insurer is not required to cover the actual cost to rebuild. *See Property Insurance Policy*, ¶¶ E(4)(a)(1), (4) ("In the event of loss or damage . . . at our option, we will either: Pay the value of lost or damaged property; . . . [or] [r]epair, rebuild or replace the property with other property of like kind and quality."). Plaintiff agreed to these terms and cannot now complain that he entered an agreement that did not require Hansab, Continental, or CNA Financial to cover the cost to erect a brand new building on the premises.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

As such, Plaintiff has failed to state a claim for breach of a written agreement, and the Court **GRANTS** SNAP, Hansab, Continental, and CNA Financial's motions to dismiss Plaintiff's first cause of action.

        ii.       *Second, Ninth, and Tenth Causes of Action: Fraud-Based Claims*

Plaintiff brings fraud, fraud by concealment, and constructive fraud claims against SNAP, Hansab, CNA Financial, and Continental. *FAC* ¶¶ 64, 271–75.

These claims are premised on substantially the same facts as his breach of written agreement claim—i.e., (1) that SNAP did not obtain liability insurance that would not have covered damage to the building anyway; and (2) that Hansab, Continental, and CNA Financial refused to pay more than the policy limit to rebuild Plaintiff's building. *See id*. SNAP and Continental previously identified the same defects discussed below in their initial motions to dismiss. *See First Continental MTD* 13:14–18:7; *First SNAP MTD* 16:25–21:3. Despite being afforded leave to amend to address these defects, *see* Dkt. # 16, Plaintiff's allegations remain woefully inadequate under both the Rule 8(a) pleading standard and the heightened Rule 9(b) pleading standard applicable to fraud claims. *See FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 850–51 (C.D. Cal. 2010). The Court addresses each fraud claim in turn.

First, Plaintiff fails to plausibly allege a standard fraud claim. Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Here, Plaintiff alleges only that "[b]y doing the things alleged hereinabove," SNAP, Hansab, CNA Financial, and presumably Continental—which he fails to mention by name—committed fraud. *FAC* ¶ 64. But Plaintiff has not alleged how any of these Defendants made a false representation, as neither written agreement supports Plaintiff's theory that anyone other than him is at fault for underinsuring his building. Accordingly, Plaintiff's fraud claim fails because, at bottom, he has not plausibly pleaded the false representation element.

Second, Plaintiff fails to plausibly allege a fraud by concealment claim. A fraud by concealment claim is substantively identical to a fraud claim but requires concealing or suppressing a material fact—rather than an affirmative false representation—and lacks a justifiable reliance requirement. *See Tenet Healthsystem Desert, Inc. v. Blue Cross of Cal.*, 246 Cal. App. 4th 821, 844 (2016). Here, Plaintiff fails to allege that anyone concealed or suppressed a material fact. It was Plaintiff's duty to read and understand his insurance policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

and lease agreement. *See Fields v. Blue Shield of Cal.*, 163 Cal. App. 3d 570, 578 (1985). He apparently failed to do so because each agreement unambiguously describes the parties' respective duties—obligations Plaintiff now appears to claim were concealed from him. But Plaintiff cannot point to a party's compliance with a written agreement and call it fraud, much less fraud by concealment. Accordingly, Plaintiff's fraud by concealment claim fails because he has not plausibly alleged that anyone suppressed a material fact.

Third, Plaintiff also fails to plausibly allege a constructive fraud claim. "Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship." *Assilzadeh v. Cal. Fed. Bank*, 82 Cal. App. 4th 399, 415 (2000). However, "[a] mere contract or a debt does not . . . create a fiduciary relationship." *Oakland Raiders v. Nat'l Football League*, 131 Cal. App. 4th 621, 633–34 (2005) (citations and internal quotation marks omitted). Here, Plaintiff fails to adequately allege that he had a fiduciary relationship with anyone. And the California Supreme Court has made clear that mutually beneficial contractual relationships like those at issue here do not create fiduciary duties. *See Vu v. Prudential Prop. Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150–51 (2001) ("The insurer-insured relationship . . . is not a true fiduciary relationship."); *Frances T. v. Vil. Green Owners Ass'n*, 42 Cal 3d. 490, 513 (1986) ("[A] landlord and tenant do not generally stand in a fiduciary relationship."). Accordingly, Plaintiff has failed to plead a constructive fraud claim.

In short, all three of Plaintiff's fraud-based causes of action fail to state a claim. Accordingly, the Court **GRANTS** SNAP, Hansab, CNA Financial, and Continental's motions to dismiss Plaintiff's second, ninth, and tenth causes of action.

        iii.       *Fourth and Eighth Causes of Action: Insurance-Based Claims*

Plaintiff's fourth and eighth causes of action are for "Insurance Bad Faith" and "Insurance Bad Faith, Conspiracy"—i.e., a breach of and conspiracy to breach the covenant of good faith and fair dealing—against SNAP, Hansab, Continental, and CNA Financial. *FAC* ¶¶ 100–01, 269–70.

To plead a breach of the covenant of good faith and fair dealing in an insurance agreement, a plaintiff must allege that the insurer "engage[d] in a conscious and deliberate act, which unfairly frustrate[d] the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Nieto v. Blue Shield of Cal. Life & Health Ins. Co.*, 181 Cal. App. 4th 60, 86 (2010) (internal quotation marks omitted). Ordinarily, claims for insurance bad faith arise when "the insurer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

withheld payment of an insured's claim unreasonably." *Frommoethelydo v. Fire Ins. Exch.*, 42 Cal. 3d 208, 214–15 (1986). Moreover, "conspiracy" is not an independent cause of action but a theory of liability that is only "activated by the commission of an actual tort." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994).

Here, Plaintiff's insurance bad faith and bad faith conspiracy claims fail because he cannot demonstrate that Hansab, Continental, or CNA Financial's[2] refusal to pay the full cost to rebuild is unreasonable or that it deprived Plaintiff of a reasonably expected benefit under his insurance policy. Plaintiff's insurance policy unambiguously states, "In the event of loss or damage . . . at our option, we will either: Pay the value of lost or damaged property; . . . [or] [r]epair, rebuild or replace the property with other property of like kind and quality." *See Property Insurance Policy* ¶¶ E(4)(a)(1), (4). Nothing about this provision remotely suggests that Plaintiff would receive the full amount required to erect a brand new building on the premises. As such, Plaintiff receiving the full cost to rebuild is not a "reasonable expectation[]" under the agreement, and Plaintiff has failed to allege insurance bad faith here. *See Nieto*, 181 Cal. App. 4th at 86. Because Plaintiff's claim for insurance bad faith fails, so too does his insurance bad faith conspiracy claim. *See Applied Equip. Corp.*, 7 Cal. 4th at 510–11 (explaining that conspiracy claims "do not give rise to a cause of action unless a civil wrong has been committed").

In sum, each of Plaintiff's insurance-based causes of action fail to state a claim. As such, the Court **GRANTS** SNAP, Hansab, CNA Financial, and Continental's motions to dismiss Plaintiff's fourth and eighth causes of action.

        iv.        *Seventh Cause of Action: Civil RICO Claim*

Plaintiff's seventh cause of action is a civil RICO claim against SNAP, Hansab, Continental, and CNA Financial. *See FAC* ¶¶ 241–68.

18 U.S.C. § 1694(c) provides a private right of action for RICO violations. To plead a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business

---

[2] Plaintiff also inexplicably includes SNAP in the mix of alleged insurers. But it is undisputed that SNAP was not a party to the insurance policy, and the California Supreme Court has made clear that non-parties to an insurance agreement "are not . . . subject to an implied duty of good faith or fair dealing under the contract." *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (cleaned up). To demonstrate a pattern of racketeering activity, a plaintiff must prove a minimum of two predicate acts. 18 U.S.C. § 1961(5). These can include mail and wire fraud. *Id.* § 1961(1)(A), (B).

The elements for mail and wire fraud are (1) formation of a scheme to defraud; (2) the use of mails or wires to further that scheme; and (3) the specific intent to defraud. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement in RICO cases alleging mail and wire fraud as a predicate act. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). To establish a scheme to defraud, a plaintiff must plead with particularity "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)). A misrepresentation must also be "material"—i.e., it must have "a natural tendency to influence," or be "capable of influencing, the decision of the decisionmaking body to which it [i]s addressed." *Neder v. United States*, 527 U.S. 1, 16, 25 (1999) (internal quotation marks omitted).

Here, Plaintiff has failed to plead a pattern of racketeering activity because his alleged predicate acts of mail and wire fraud are nothing more than a string of conclusory allegations that fail to point to any misrepresentation—much less a material one—by SNAP, Hansab, Continental, or CNA Financial. SNAP and Continental previously moved to dismiss Plaintiff's civil RICO claim for substantially the same reason. *See First Continental MTD* 20:7–21:12; *First SNAP MTD* 25:8–26:2. Plaintiff's first amended complaint added no new allegations to bolster his civil RICO claim. And, as repeatedly explained above, nothing about the clearly defined obligations under the lease or insurance policy agreements suggests that SNAP, Hansab, Continental, or CNA Financial in any way defrauded Plaintiff into receiving anything other than what he bargained for.

In sum, Plaintiff has failed to allege mail fraud, wire fraud, or any other potential predicate act and, therefore, has not plausibly pleaded a pattern of racketeering activity to sustain a civil RICO Claim. As such, the Court **GRANTS** SNAP, Hansab, Continental, and CNA Financial's motions to dismiss Plaintiff's seventh cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

      *v.*      *Fifth Cause of Action: Public Nuisance*

Plaintiff's fifth cause of action is for public nuisance against SNAP and City Defendants. *See FAC* ¶¶ 200–04.

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons." Cal. Civ. Code § 3480. "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." *Id.* § 3493. A long-standing principle of California nuisance law is that liability only "extends to damage which is proximately or legally caused by the defendant's conduct, not to damage suffered as a proximate result of the independent intervening acts of others." *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1565 (1990). Although proximate cause is often a question of fact, "it becomes a question of law when the facts of the case permit only one reasonable conclusion." *Id.* (quoting *Capolungo v. Bondi*, 179 Cal. App. 3d 346, 354 (1986)).

Here, Plaintiff's public nuisance claim fails as a matter of law because "the facts of the case permit only one reasonable conclusion"—that neither SNAP nor City Defendants proximately caused the building fire. *See id.* Plaintiff alleges that SNAP and City Defendants failed to "maintain the public property under their control" by permitting a homeless encampment to exist adjacent to Plaintiff's building that "contributed to causing the fire that burned down the building." *See FAC* ¶¶ 17, 27–28, 202. But it is evident that proximate cause is not satisfied because the injury Plaintiff suffered was caused by "the independent intervening acts of others"—i.e., those in the homeless encampment. *See Martinez*, 225 Cal. App. 3d at 1560–61, 1565 (affirming dismissal of a public nuisance claim on proximate cause grounds where plaintiff was attacked by third parties near defendants' public telephones after defendants "ignored warnings and requests" to remove the public telephones).

Accordingly, because Plaintiff cannot demonstrate that SNAP or City Defendants proximately caused the building to burn down, his nuisance claim fails as a matter of law. *See id.* at 1565. As such, the Court **GRANTS** SNAP and City Defendants' motions to dismiss Plaintiff's fifth cause of action.

      *vi.*      *Sixth Cause of Action: Violation of CEQA*

Plaintiff brings his sixth cause of action against only City Defendants because they allegedly failed to remove a homeless encampment outside Plaintiff's building in violation of CEQA. *FAC* ¶¶ 205–08.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

"CEQA prescribes how governmental decisions will be made when public entities, including the state itself, are charged with approving, funding—or themselves undertaking—a project with significant effects on the environment." *Friends of the Eel River v. N. Coast R.R. Auth.*, 3 Cal. 5th 677, 711–12 (2017). CEQA does not apply unless there is a "project" as defined in California Public Resources Code § 21065. *See Union of Med. Marijuana Patients, Inc. v. City of San Diego*, 7 Cal. 5th 1171, 1185 (2019). A "project" is "an activity which may cause either a direct physical change in the environment, or a reasonably foreseeable indirect physical change in the environment." Cal. Pub. Res. Code § 21065. But "failure to act does not constitute a 'project,' either in common parlance or as the term is used in CEQA." *Lake Norconian Club Found. v. Dep't of Corr. & Rehab.*, 39 Cal. App. 5th 1044, 1049 (2019).

Here, Plaintiff's theory is that City Defendants decided "not to repair a project -- here, sidewalk and public areas" and that City Defendants were required to seek approval "to permit the homeless encampment outside plaintiff's building to continue." *FAC* ¶ 207. Although Plaintiff does his best to couch these allegations as an affirmative act, he is clearly challenging City Defendants' failure to act. *See FAC* ¶ 17 (alleging that the homeless encampment "was permitted to exist and remain" near Plaintiff's building); *id.* ¶ 27 (alleging that City Defendants "failed to take any action to alleviate that encampment"); *see also City Opp.* 14:26–15:2 (claiming without citing any authority that "CEQA may include a failure to act"). But a failure to act cannot be a "project" under CEQA, *see Lake Norconian Club Found.*, 39 Cal. App. 5th at 1049, and CEQA therefore does not apply here, *see Union of Med. Marijuana Patients, Inc.*, 7 Cal. 5th at 1185.

Accordingly, the Court **GRANTS** City Defendants' motion and dismisses Plaintiff's sixth cause of action.

> vii. *Eleventh and Twelfth Causes of Action: Aiding and Abetting and Conspiracy*

Plaintiff brings his eleventh and twelfth causes of action for aiding and abetting and conspiracy against all Defendants. *FAC* ¶¶ 276–77.

A claim for aiding and abetting hinges "on whether a defendant knowingly gave substantial assistance to someone who performed wrongful conduct." *Chen v. PayPal, Inc.*, 61 Cal. App. 5th 559, 583 (2021) (internal quotation marks omitted). Here, because the Court has dismissed each of Plaintiff's claims against Defendants, Plaintiff fails to allege that Defendants "performed wrongful conduct," much less that any of them "knowingly gave substantial assistance" to the others. *See id.* As such, Plaintiff's aiding and abetting claim fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

Similarly, conspiracy does "not give rise to a cause of action unless a civil wrong has been committed." *Applied Equip. Corp.*, 7 Cal. 4th at 510–11. Because the Court has dismissed each of Plaintiff's claims, no "civil wrong has been committed" and Plaintiff's conspiracy claim also fails. *See id.*

Accordingly, the Court **GRANTS** Defendants' motions and dismisses Plaintiff's eleventh and twelfth causes of action.

C.     Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the district court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts should consider (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). A district court's "discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, leave to amend is not warranted for three reasons.

First, Plaintiff was given an opportunity to amend and squandered it. He made few, if any, changes in his first amended complaint. He now cavalierly argues that his failure to address the defects identified in the first round of motions to dismiss is of no legal significance because he does not believe that the "alleged 'defects' in the original complaint that were identified . . . were actually defects." *See, e.g.*, *Hansab Opp.* 7:16–22; *accord C&C Opp.* 6:1–6. Disregarding these identified defects was, of course, his risk to take. But it does not excuse the fact that he had an opportunity to bolster the allegations in his complaint and failed to do so.

Second, amendment would be futile as to each of Plaintiff's claims. At the heart of this case is Plaintiff's belief that his building was underinsured. *See FAC* ¶ 19. But based on Plaintiff's own evidence attached to his first amended complaint, it is clear that Plaintiff either misapprehended or failed to read his lease agreement and insurance policy. Neither document supports Plaintiff's theory that SNAP or any of the alleged insurers breached their agreements or in any way defrauded Plaintiff into receiving anything less than what he bargained for. As such, Plaintiff cannot amend to allege additional facts to support his theory of the case, as any allegations that are inconsistent with the lease agreement or insurance policy would be disregarded in favor of those agreements. *See Sprewell v. Golden State Warriors*, 266 F.3d 979,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

988 (9th Cir. 2001). And as to Plaintiff's nuisance and CEQA claims that are not governed by the lease or insurance policy, the Court has dismissed each as a matter of law.

Third, there is some evidence of bad faith. The Ninth Circuit has explained that there is no bad faith "where the record demonstrates that plaintiffs' allegations were not frivolous and that they were endeavoring in good faith to meet the pleading requirements." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003). Here, however, most if not all of Plaintiff's claims were frivolous. Had Plaintiff conducted a reasonable factual investigation in advance, he would have realized that his claims were entirely unsupported by the lease agreement and insurance policy he attached to his own complaint. And Plaintiff's rampant use of conclusory allegations throughout the original complaint and again in the first amended complaint strongly suggests that Plaintiff was not "endeavoring in good faith to meet the pleading requirements." *See id.* Plaintiff also did not adequately oppose the instant motions to dismiss by failing to address one or more key arguments raised in nearly every motion. Of course, the Court prefers to resolve cases on the merits and so took the time to address of each of Plaintiff's claims even though it could have deemed conceded all the arguments Plaintiff failed to oppose. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded). All of this is to say that, given Plaintiff's track record of failing to properly oppose motions to dismiss in this case, *see, e.g.*, Dkt. # 16, it is apparent that he is not striving in good faith to prosecute or defend his claims.

Accordingly, the Court **DENIES** Plaintiff leave to amend.

D. <u>Federal Rules of Civil Procedure 12(b)(2), 12(e), and 12(f): Motion to Dismiss for Lack of Personal Jurisdiction, Motion for a More Definite Statement, and Motion to Strike</u>

CNA Financial moves in the alternative to dismiss for lack of personal jurisdiction. However, because the Court has already dismissed with prejudice all claims against CNA Financial, the Court **DENIES AS MOOT** CNA Financial's alternative motion to dismiss for lack of personal jurisdiction. *See In re PharmaCielo Ltd. Sec. Litig.*, No. CV 20-2182 PSG (JCx), 2021 WL 6496751, at *8 (C.D. Cal. Dec. 7, 2021).

Similarly, because the Court has dismissed with prejudice all claims against Hansab and Continental, it **DENIES AS MOOT** their motions to strike Plaintiff's class allegations, Hansab's motion to strike Plaintiff's prayer for punitive damages, and Hansab's motion for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7189 PSG (MRWx) | Date | March 15, 2022 |
|---|---|---|---|
| Title | Benjamin Schonbrun v. SNAP, Inc., et al. | | |

more definite statement. *See Aguilar v. City of L.A.*, No. CV 14-5633 PSG (JCx), 2014 WL 12577082, at *3 (C.D. Cal. Oct. 28, 2014).

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss for failure to state a claim and **DISMISSES WITH PREJUDICE** all 11 of Plaintiff's causes of action.

As such, the Court **DENIES AS MOOT** CNA Financial's alternative motion to dismiss for lack of personal jurisdiction, **DENIES AS MOOT** Continental and Hansab's motions to strike, and **DENIES AS MOOT** Hansab's motion for a more definite statement.

This order closes the case.

**IT IS SO ORDERED.**